Mr. Justice CATRON
 

 delivered the
 
 opinion of
 
 the c
 
 ou
 
 rt
 

 «T 3 I i — < Pi «w O © © .© * OQ > ^
 
 &
 
 p .©j § o. ct> §■§ ST » g SLH O Mo
 
 * p
 
 co1** o- ■ o
 
 *81
 
 Charles county, Missouri. The evidence presented to the recorder was a certificate of a private survey embracing the claim as set up, with proof that Dissonet had inhabited and cultivated the land from 1798 to 1805. The recorder pronounced the claim valid as a settlement right to the extent of 640 acres, and declared that it ought to'be surveyed as nearly in a square as might'be, so as to include Dissonet’s improvements; and, . furthermore, that the land should be surveyed at the expense of the United States.
 

 This'report was confirmed by Congress, by the act of April 29,1816. The land was surveyed in-1817, by authority of the United States. A patent certificate was forwarded- to the,. ¿General Land Office by the recorder of land titles at. St. Louis, in 1823, and a patent issued on it in 1850. Protection is claimed by the defendants, under'the purvey and patent.
 

 .The jury was Instructed by the Circuit, Court, that the sur-- . vey and patent were riot conclusive evidence that/the land they embraced wris correctly located and surveyed according to the-confirmationand if they believed that the land sued for was not.within the confirmation of the legal representa--tives of Dissonet, although it may be within the survey and patent, then.the survey and patent would not protect the defendants. >
 

 Exceptions were, taken to this ruling.. The jury, found that the official survey did not correspond to the confirmation, but, that it was illegally extended so as to interfere with the-claim on which the plaintiff relies. His claim is this :■ In 1805, Antoine Lamarche caused a private survey to be made by Harvey for-750 arpens of land, which he claimed by right of settlement. Lamarche laid his claim before the board of commis-. sioners, but produced no evidence of inhabitation an<f cultiva-. tion; indeed, no evidence at all; except the'surveyor’s eertifi--cate.. On coming.before the board, in 1811, the-claim was of course .rejected; and thus it lay until 1833, when the board of ' commissioners organized-under the act of July 9, 1832, took evidence which, established the'faet to their satisfaction, that. Lamarche had inhabited and cultivated the land, and was entitled to a confirmation; and in 1835 they recommended to -Congress that the claim ought to be'confirmed according to Harvey’s survey of 1805; .and .it was thus .confirmed by the -act of July.4, 1836. . . 1 .,
 

 . • Harvey’s survey covers the land in ‘dispute, which is overlapped Oil its eastern boundary by the survey and calls of the patent to Dissonet;. .and within this interference the defendants hold possession. . .. _
 

 Up do the date- of the confirmation of Lamarche’s claim, in.
 
 *82
 
 1886, it Rad no standing in a court of justice. So this court has.uniformly held. Les Bois
 
 v.
 
 Brommell, 4 Howard.
 

 In the next place, the United States reserved the power to survey and grant claims to lands in the situation that these contending claims were when confirmed; nor have the courts of justice any authority to disregard surveys and patents, when dealing with them in actions of ejectment. This court so held in the case of West
 
 v.
 
 Cochran, and will not repeat here what is there said.
 

 . .When the survey of 1817 for Dissonet’s land was recognised at the surveyor general’s office as properly executed, which ivas certainly as ■ early as 1828, then-Dissonet, had a title, that he coiild enforce by the laws of Missouri, and which' was the elder and better; it being settled'that where there are two confirmations for the same land, the. elder must hold it. A more prominent instance to this effect could,hardly occur, than that of rejecting the younger confirmation in the case of Les Bois
 
 v.
 
 Brommell, above cited.
 

 , The act off 1811; reserving lands from sale which had been claimed before a hoard of commissioners, has no application to .such a case as this one. It was so declared in the case of Menard
 
 v.
 
 Massey, 8 Howard, 309, 310.
 

 It is ordered,, that the judgment of the Circuit Court be reversed, and a venire de novo-awarded.